IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Case No. 21-cr-0407 KG

PAUL MICHAEL ASTORGA,

    Defendant.

### SUMMARY ORDER RESULTING FROM PRETRIAL CONFERENCE

This matter comes before the Court on the following pretrial motions and other matters:

- Defendant's Motion to Extend Exhibit Deadlines (Doc. 62), filed November 19, 2021;

- United States' Notice of Intent to use Evidence Pursuant to Rule 609 (Doc. 66), filed November 19, 2021;

- United States' Notice of Intent to Use Evidence of Other Crimes and Bad Acts Pursuant to Rule 404(b) (Doc. 75), filed November 24, 2021;

- Parties' Joint Jury Instructions (Doc. 70), filed November 19, 2021;

- United States' Opposed Jury Instructions (Doc. 71), filed November 19, 2021; and

- United States' Exhibit List (Doc. 68), filed November 19, 2021.

On November 29, 2021, the Court held an in-person Pretrial Conference at which the Court provided counsel with its rulings on the motions and other filings. Present at the hearing were Assistant United States Attorneys Maria Armijo and Joni Autrey Stahl, and Defendant Paul Michael Astorga and his attorney, Joshua Spencer.

Having considered the above motions and other filings, and the argument of counsel, the Court finds and concludes the following, for the reasons stated on the record and elaborated herein:

1. The United States seeks to introduce evidence of Defendant's prior criminal convictions in two ways. First, United States' Notice of Intent to use Evidence Pursuant to Rule 609 (Doc. 66) seeks to introduce, for impeachment purposes, evidence of four of Defendant's prior criminal convictions: (1) a 2013 state conviction for possession of controlled substance and tampering with evidence, (2) a 2013 state conviction for trafficking by possession with intent to distribute, (3) a 2012 state conviction for possession of controlled substance, and (4) a 2016 federal conviction for being a felon in possession of firearms and ammunition.

When a defendant elects to testify, "the prosecution may introduce evidence of the defendant's past felony conviction[s] to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609(a)(1)). Courts use five factors when considering prior convictions under Rule 609(a)(1): "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id.*

Here, the Court notes each prior conviction is a felony and is less than ten years old. The prior convictions are similar to the crimes charged in the instant case, which creates some prejudice against the defendant that a jury could make a decision based on a perceived propensity to act.

On the other hand, the prior convictions have relevance to the Defendant's credibility should he take the stand. The Tenth Circuit has "long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." *United States v. Conway*, 53 Fed.Appx. 872, 876 (10th Cir. 2002) (quoting *United States v. Haslip*, 160 F.3d 649, 654 (10th Cir.1998)) (finding no abuse of discretion in allowing Government to impeach defendant's statement that he had no knowledge of crack cocaine in car with evidence of prior cocaine convictions). "The well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment." *Smalls*, 752 F.3d at 1240.

The Court finds the probative value of limited use of the prior convictions outweighs the potential prejudice to the Defendant. Accordingly, the Court orders that if the Defendant testifies, the Government may introduce for impeachment, and only impeachment, evidence of prior convictions which is limited to the name of the crime, the date of conviction, and the sentence imposed.

2. Second, United States' Notice of Intent to use Evidence of Other Crimes and Bad Acts Pursuant to Rule 404(b) seeks to introduce descriptions of those prior criminal acts in its case-in-chief to the extent they go to Defendant's motive, intent, knowledge, or opportunity. (Doc. 75). Specifically, the Government argues that the circumstances of prior bad acts show (1) his prior knowing possession of distributable amounts of controlled substances, (2) his prior actions of allowing female companions to claim ownership of controlled substances, and (3) his prior knowing possession of firearms and ammunition. *Id.* at 5–6.

Courts use a four-factor test to evaluate the admissibility of Rule 404(b) evidence: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Tennison*, 13 F.4th 1049, 1055 (10th Cir. 2021).

The Court concludes that Defendant's prior felon in possession charge is relevant to and probative of Defendant's knowledge of his felon status, which is an element of his current felon in possession charge. Therefore, the Government may introduce evidence of that conviction, a description of the charge, its date, and the sentence imposed. Any further description or detail about the circumstances surrounding Defendant's arrest and conviction, however, are excluded as violative of Rule 403. The prejudice of such evidence substantially outweighs its probative value. And the risk of a trial within a trial and waste of time similarly outweighs its probativeness.

The Court concludes that whether Defendant's prior drug-related charges are relevant to his knowledge, intent, motive, common scheme, or opportunity is not yet ripe for decision. Should defense counsel open the door and the Government determine such evidence is relevant and can be offered for a proper purpose, it should approach the bench for a determination of the issue.

The Government is ordered to submit a limiting instruction related to any introduction of evidence of Defendant's prior felon in possession charge.

3. Defendant has not at this time stipulated to introduction of prior felonies to the extent they are relevant to his felon in possession charge. If Defendant does not so stipulate, the Court notes the Government will bear the burden of proving the Defendant had been convicted of prior felonies and that he knew of his felon status. In that event, the Court further orders that the Government may introduce evidence of Defendant's knowledge via witness testimony. Such evidence is admissible because it is not introduced to prove propensity, it is relevant to the elements of the crime, and its relevance is not substantially outweighed by unfair prejudice.

4. Defendant objected to the Government's Opposed Instruction #17 related to drawing inferences. (Doc. 71) at 11. The Court sustained that objection, finding that its stock instructions already include an instruction on drawing inferences and no stand-alone instruction is necessary.

5. Defendant orally objected to the fact that the Court's proposed Preliminary Jury Instructions allow jurors to take notes and to keep those notes in deliberation. The objection is overruled.

6. Defendant's Motion to Extend Exhibit Deadlines seeks leave to submit exhibits until seven days before trial for the purpose of adding his fingerprint expert's analysis of the gun in question. (Doc. 62). The requested deadline would make exhibits due December 6, 2021. The Court grants the Motion in part. Defendant is ordered to submit additional exhibits by Friday, December 3, 2021, at 5:00 pm. Defendant is further ordered to resubmit previous exhibits in the proper form and to include electronic submissions, also by 5:00 pm on December 3.

7. Defendant also moved this Court for additional time to submit proposed final jury instructions and proposed *voir dire*. Defendant is ordered to submit both by Friday, December 3, 2021, at 5:00 pm.

8. United States moved to enter exhibits 1 to 52 except exhibits 41 and 51. Defendant objected to exhibits 1 to 51 and to the first three pages of exhibit 52. The Court admits exhibit 52 in its current form. Exhibits 1 to 51 will be considered at trial with a proper foundation.

9. All parties are ordered to submit objections to the Court's Proposed Preliminary Jury Instructions by Friday, December 3, 2021, at 5:00 pm.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE