FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

DEC 2 1 2021

MITCHELL R. ELFERS
CLERK OF COURT

12:15 p

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Case No. 21-cr-0407 KG

PAUL MICHAEL ASTORGA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Paul Michael Astorga's oral Motion for

Mistrial (Motion), made at trial during the Government's presentation of evidence and renewed

at the close of evidence and after closing statements. The Court, for the reasons stated on the

record and elaborated here, denies the Motion.

*I.*     *Background*

Two of the charges against Mr. Astorga in this case require proving his knowing

possession of a firearm: one charge of being a felon in possession and one of possessing a

firearm in furtherance of a drug crime. During trial, the parties disputed whether Erica Peña, a

woman present in Mr. Astorga's apartment at the time of his arrest, (1) carried a purse into his

apartment, and (2) dropped a gun there when U.S. Marshals knocked and announced.

Agent Joey Misquez of the Las Cruces Police Department, a Government witness,

testified that he saw Erica Peña enter the apartment carrying her dog, and not carrying anything

else. He also testified that after the arrest of Mr. Astorga, when Agent Misquez exchanged

phone numbers with Ms. Peña, she had to return to her truck to retrieve her phone. On cross-

examination, Mr. Astorga confronted Agent Misquez with a still photo taken from law

1

enforcement body camera footage which showed Ms. Peña standing next to a truck tailgate on which sat her purse. Def. Exh. B (image) (admitted without objection December 14, 2021).

This Motion arises from the Government's redirect of Agent Misquez. Assistant United States Attorney Maria Armijo asked Agent Misquez: "And do you know if it was—is it possible that that purse was also in the truck?"

Mr. Astorga immediately objected, and the question was never answered. Mr. Astorga argued that because the Government's discovery included a statement by Ms. Peña that she carried her purse—a small handbag with keys—into the apartment, Ms. Armijo deliberately sought to elicit testimony which she knew contradicted the Government's evidence and was factually impossible. Mr. Astorga motioned for a mistrial based on this alleged misconduct.

The Court denied the Motion for mistrial, but it also instructed the jury from the bench that questions from attorneys are not evidence, that the jury should disregard the question, and that jurors were not to draw any inferences from the question asked by Ms. Armijo. Mr. Astorga did not object to the sufficiency of these instructions. The Court took the issue of misconduct under advisement, reasoning that the fact of the purse's location was in question and more witness testimony was necessary.

Mr. Astorga renewed his Motion at the close of evidence, on the same grounds, and the Court again denied it. Finally, Mr. Astorga renewed his Motion a second time after closing arguments. For the reasons stated on the record and elaborated upon below, the Court once again denies the Motion.

II.     *Analysis*

Under Supreme Court precedent, "trial judges may declare a mistrial whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for doing

so." *Renico v. Lett*, 559 U.S. 766, 773–74 (2010) (quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)) (internal quotations omitted).  The Tenth Circuit construes this to mean that a "trial court may appropriately grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired." *United States v. Wells*, 739 F.3d 511, 532 (10th Cir. 2014).

The decision to grant a mistrial is reserved to the "broad discretion" of the trial judge. *Renico*, 559 U.S. at 774 (quoting *Illinois v. Somerville*, 410 U.S. 458, 462 (1973)).  But "the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *Id.* (quoting *Perez*, 22 U.S. at 580).

Mr. Astorga motioned for mistrial based on an allegation of prosecutorial misconduct. "Prosecutorial misconduct violates a defendant's due process if it infects the trial with unfairness and denies the defendant's right to a fair trial." *United States v. Anaya*, 727 F.3d 1043, 1052-53 (10th Cir. 2013) (quotations and alterations omitted).  Thus, to summarize, granting a motion for mistrial and making a finding of prosecutorial misconduct both turn on a conclusion that the trial has been rendered unfair.

In this case, Mr. Astorga alleges the prosecution sought to elicit testimony which contradicted facts in its own discovery.  One way among many that a prosecutor may commit misconduct is to deliberately elicit false evidence.  Indeed, the Supreme Court has held that the knowing use of false evidence by the government, or the failure to correct false evidence, may violate due process. *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959).

To establish a due process violation based upon the introduction of false evidence or false testimony, the defendant must demonstrate that (1) the evidence was false, (2) the prosecution knew the evidence was false, and (3) the evidence was material. *Smith v. Massey*, 235 F.3d

1259, 1271 (10th Cir. 2000) (citing *Napue*, 360 U.S. at 269), abrogated on other grounds by *Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001).

Here, the question by Ms. Armijo does not amount to a violation of due process and does not require a mistrial. The Court refers to the *Smith* elements. First, no false evidence was entered by Ms. Armijo. The question posed never received an answer. But even setting that aside, the issue of whether the purse ever went into the apartment is an unsettled question of fact, subject to witness credibility determinations and ultimate fact determination by the jury. The existence of a law enforcement interview in discovery in which Ms. Peña remembers carrying her purse inside does not make an empirical fact. The Court notes that two other witnesses, both U.S. Marshals, testified that Ms. Peña did not carry a purse out of the apartment. For these reasons, the Court finds no false evidence was admitted.

The next *Smith* element is the question of whether Ms. Armijo knew the evidence was false. Given the previous finding that the evidence was not false, this inquiry is moot. But the Court finds here, as it did at trial, that Ms. Armijo's conduct was, at worst, inadvertent and not deliberate.

Finally, the third *Smith* element is whether the evidence was material. The question of whether Ms. Peña carried her purse into the apartment is material; it goes directly to the elements of the gun crimes charged. The analysis, however, fails on the first two elements. The Court concludes Ms. Armijo's question did not violate Mr. Astorga's right to due process nor his right to a fair trial.

The Court notes that misconduct may occur without amounting to a violation of due process or fundamental fairness—and in those circumstances, a curative instruction, rather than a mistrial, can be an appropriate remedy. *See, e.g., United States v. Taylor*, 514 F.3d 1092 (10th

4

Cir. 2008); *United States v. Madsen*, 809 F.3d 712 (1st Cir. 2016).  In *Taylor*, the defendant

objected to comments made by the prosecutor during opening statements.  514 F.3d at 1095.

The court responded by admonishing the jury to "remember that what the lawyers tell you is not

evidence, and the evidence in the case is what you must decide."  *Id*.  The Tenth Circuit held that

the curative instruction sufficed to address the prejudice suffered by the defendant.  *Id*. at 1101.

Similarly, in *Madsen*, the defendant objected to a misstatement of facts by the

prosecution during closing statements.  809 F.3d 716–717.  The First Circuit found no clear error

by the district court in making curative instructions, reasoning (1) the misstatement was not

significant, (2) it was a one-time occurrence, (3) there was no indication it was deliberate, and

(4) the district court made lucid instructions to the jury, both at the beginning and at the end of

the trial, that statements by counsel were not evidence, which dissipated prejudice.  *Id*. at 717.

To the extent the question by Ms. Armijo in this case evinced any lesser misconduct, the

Court's instructions remedied any prejudice suffered by Mr. Astorga.  The question happened

only one time, was an inadvertent mistake, and was about an unsettled fact issue. The Court

instructed the jury from the bench to disregard the question and not draw any inferences from it.

The Court also instructed in preliminary jury instructions, from the bench, and in final jury

instructions, that statements from attorneys are not evidence.

For these reasons, Mr. Astorga's Motion for Mistrial is denied.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE