IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL MICHAEL ASTORGA,

Petitioner,

v. No. 2:25-cv-00144 KG/KRS
No. 2:21-cr-00407 KG

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Paul Michael Astorga's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1; Cr. Doc. 153) (Motion).[1] Petitioner is a federal prisoner and proceeding *pro se*. He asks the Court to vacate his conviction based on ineffective assistance of counsel. The United States filed a Response. (Doc. 13). Having reviewed the record and the relevant law, the Court will dismiss the Motion and deny a certificate of appealability.

I. Background

On November 3, 2020, officers with the Metro Narcotics and Federal Bureau of Investigation Task Force in Las Cruces, New Mexico executed a warrant to arrest Mr. Astorga. (Cr. Doc. 1) (Complaint). The arrest warrant stemmed from Mr. Astorga's violations of the conditions of his supervised release imposed in a previous federal conviction, *United States v. Astorga*, Case No. 2:14-cr-01666-KG ("*Astorga I*"). Based upon evidence recovered from his apartment after his arrest, a superseding indictment charged Mr. Astorga with (1) being a felon in

[1] Citations to (Doc. __) are to documents filed in the Civil Case No. 2:25-cv-144, and citations to (Cr. Doc. __) are to documents filed in the Criminal Case No. 2:21-cr-407.

possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; (2) possession of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Cr. Doc. 24).

On December 16, 2021, following a jury trial, a guilty verdict was returned on all three counts. (Cr. Doc. 106). On December 8, 2022, Mr. Astorga was sentenced to a total term of 320 months' imprisonment and 3 years supervised release. (Cr. Doc. 121) (Judgment). The Court also revoked Mr. Astorga's supervised release in *Astorga I* and sentenced him to 24 months' imprisonment to run concurrently with his new 320-month sentence.

On December 23, 2022, Mr. Astorga filed a notice of appeal, which challenged his conviction on the two firearms-related counts. (Cr. Doc. 125). On March 13, 2024, the Tenth Circuit Court of Appeals affirmed the Judgment, and the mandate was issued on April 4, 2024. *See United States v. Astorga*, No. 22-2158, 2024 WL 1083252 (10th Cir. Mar. 13, 2024).

On February 10, 2025, Mr. Astorga timely filed the instant Motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 1; Cr. Doc. 153). His Motion argues he received ineffective assistance due to his counsel's: (1) "failure to investigate, test, and contest evidence introduced at trial," make objections during trial and sentencing, and raise arguments on direct appeal; (2) failure to inform him "that he could have accepted responsibility for part of the counts while reserving the right to contest the other counts," and (3) failure to challenge the constitutionality of 18 U.S.C. § 922(g)(1) pursuant to *Ruan v. United States*, 597 U.S. 450 (2022). (Doc. 1) at 4-8.

Approximately one year after filing this action, Mr. Astorga asked the Court for leave to

amend and supplement his Motion. (Doc. 11). The Court granted his request and provided him with forty-five days, or no later than May 8, 2026, to file an amended motion under § 2255. (Doc. 12). Four months has passed since the May 8th deadline and, as of the date of this Order, Mr. Astorga has neither filed an amendment nor sought leave for additional time. The Government has filed a Response to Mr. Astorga's original Motion. (Doc. 13). This matter is now fully briefed and ready for disposition.

II. Discussion

A petition under Section 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States," including the Sixth Amendment right to effective counsel. 28 U.S.C. § 2255(a). *See also U.S. v. Tucker*, 745 F.3d 1054, 1066 (10th Cir. 2014) ("Sixth Amendment claims asserting ineffective assistance of counsel can and generally must be brought in a habeas action for post-conviction relief under 28 U.S.C. § 2255.").

A successful ineffective assistance of counsel claim must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show "[c]ounsel's performance was deficient" and contained "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 688. In other words, the representation must fall below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 687-88. The Court is required to "eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel acted reasonably." *Welch v. Workman*, 639 F.3d at 980, 1012 (10th Cir. 2011) (quotations omitted). The question to determine deficient

performance "is whether [the] representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Simpson v. Carpenter*, 912 F.3d 542, 593 (10th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)); *Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997) ("There is a strong presumption that counsel's performance falls within the wide range of professional assistance, the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.") (citations omitted).

The second prong of *Strickland* requires the petitioner to affirmatively prove the deficient performance prejudiced the defense. *Battenfield v. Gibson*, 236 F.3d 1215, 1234 (10th Cir. 2001) (citing *Strickland*, 466 U.S. at 693-693). The movant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A. *Ineffective Assistance of Counsel*

1. *Failure to Investigate and Contest Evidence*

Mr. Astorga contends his counsel was ineffective at trial, during his sentencing hearing, and on direct appeal "regarding proof, evidence, [and] cross examination." (Doc. 1) at 4. He states that his counsel ineffectively failed "to object" and "investigate, test, and contest evidence introduced in trial." *Id.* He argues "[t]he firearm, drugs, ownership standing and proof beyond reasonable doubt [was] simply mishandled by CJA defense counsel." *Id.* The Motion does not identify what his attorney should have objected to in which proceeding or the specific evidence that should have been tested, investigated, or contested. There are no details provided as to how any

part of the underlying criminal proceedings was specifically mishandled by his attorney. Without such details, the Court cannot find ineffective assistance of counsel.

Conclusory allegations simply do not suffice to establish constitutionally deficient performance. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1459, 1471-72 (10th Cir. 1995) (allegations of ineffective assistance must be specific and particularized; conclusory allegations are insufficient and do not warrant an evidentiary hearing); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (The court is not required to "fashion [d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."). The movant bears a "heavy" burden when claiming ineffective assistance of counsel, and to meet this burden, his "allegations must be specific and particularized, not general or conclusory." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000). Consequently, Mr. Astorga has established neither deficient performance nor prejudice, and fails to show ineffective assistance of counsel under *Strickland*.

2. *Failure to Provide Proper Advice During Plea Negotiations*

Mr. Astorga asserts that he received ineffective assistance by his attorney's failure to advise him "that he could have accepted responsibility for part of the counts while reserving the right to contest the other[s]" during "Rule 11 plea" negotiations. (Doc. 1) at 5. Similar to his first basis for ineffective assistance of counsel, Mr. Astorga provides no factual support for his claim. Again, conclusory allegations do not suffice to establish constitutionally deficient performance. *See Hatch*, 58 F.3d at 1459, 1471-72.

As the Government points out in its Response, the Motion does not provide any information indicating that a partial plea agreement was even offered to Mr. Astorga for him to accept, and there is no evidence of an offer in the record. *See Strickland*, 466 U.S. at 687 (explaining that even if a

plaintiff can establish deficient performance of counsel, he must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). "To establish that ineffective advice led not to an offer's acceptance but to its rejection, a petitioner must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Solorio-Mondragon v. U.S.*, Case No. 10-cr-620-RB, 2013 WL 12330102, at *4 (D.N.M. June 11, 2013) (citing *Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012) ("In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice.")). Here, there is simply no evidence of a rejected partial plea agreement due to counsel's ineffectiveness.

Additionally, "unless an attorney's advice is clearly legally erroneous, such as telling a client that accepting a plea is tantamount to perjury or threatening to withdraw from the case, it is not constitutionally deficient." *United States v. Mowery*, Case No. 10-cv-1263-JP, 2012 WL 12903741, at *2 (D.N.M. July 31, 2012) (citing *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009) (completely unreasonable advice is advice that is clearly legally erroneous). Where the advice is not legally erroneous but only wrong, it is *not* constitutionally deficient. *See Hatch*, 58 F.3d at 1459). Here, Mr. Astorga alleges that his counsel should have told him there was a chance he might be able to enter a partial plea if the Government would be willing to offer such an agreement. Such an omission simply does not rise to the level of legally erroneous.

Thus, Mr. Astorga's conclusory allegation lacks the proper supporting factual averments and fails to satisfy both *Strickland* prongs in order to establish an ineffective assistance of counsel claim under Section 2255.

3. *Failure to Challenge the Constitutionality of 18 U.S.C. § 922(g)(1)*

Mr. Astorga's final two grounds for relief are based on the assertion that his appellate counsel was ineffective by failing to raise *Ruan v. United States*, 597 U.S. 450 (2022) in his direct appeal "and/or pursue [the] issue to the Supreme Court." (Doc. 1) at 7-8. He argues that *Ruan* casts doubts as to the constitutionality of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. *Id.*

First, as a preliminary matter, no constitutional right exists for assistance in filing a petition for a writ of certiorari. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Any failure on the part of counsel to file a writ of certiorari, therefore, does not rise to the level of ineffective assistance. *Belin v. United States*, Case No. 10-cr-2213 MV, 2014 WL 12789670, at *5 (D.N.M. June 26, 2014), *report and recommendation adopted*, Case No. 10-cr-2213-MV, 2014 WL 12789671 (D.N.M. July 18, 2014) ("Movant cannot assert a constitutional violation based on his appellate counsel's allegedly defective performance of failing to pursue discretionary review. Filing a writ of certiorari to the Supreme Court is considered pursuing discretionary review".).

Second, his appellate counsel cannot be found to be ineffective for failing to address *Ruan* because it does not apply to the charges in Mr. Astorga's case. In *Ruan*, the Supreme Court confronted a narrow question about the elements the government must prove to convict a licensed physician for "unauthorized" distribution of controlled substances. *See Ruan*, 597 U.S. at 454-55. The Supreme Court held that, to convict a medical professional under 21 U.S.C. § 841 for dispensing

controlled substances not "as authorized," "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id.* at 2375. The holding of *Ruan* is inapplicable here because Mr. Astorga was not a licensed physician, and he was not charged pursuant to § 841. *See e.g.*, *Williams v. United States*, No. 20-55, 2022 WL 16936253, at *3 (E.D.N.C. Nov. 14, 2022) ("the change in scienter requirement applies only to the state of mind that the Government must prove to convict a doctor of violating 21 U.S.C. § 841"). Nothing in *Ruan* altered the elements of § 922(g)(1). Mr. Astorga was not a licensed physician prosecuted under the Controlled Substances Act's authorization provisions, nor did his felon in possession conviction involve the unique statutory framework addressed in *Ruan.* Thus, Mr. Astorga's appellate counsel was not ineffective by failing to raise a meritless challenge to his conviction based on *Ruan.*

B. *Evidentiary Hearing*

Courts shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In other words, where the record for a Section 2255 motion "conclusively and expressly belie[s] [Petitioner's] claims," no evidentiary hearing is required. *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see also In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009) (holding that an evidentiary hearing is not needed if "the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations"). For the reasons discussed above, the Court finds that the record is sufficient to dispose of each of Mr. Astorga's

allegations of ineffective assistance of counsel and his allegations do not warrant a hearing.

C. *Certificate of Appealability*

Habeas Corpus Rule 11 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons explained above, the Court finds that reasonable jurists could not debate the denial of Mr. Astorga's § 2255 Motion and, therefore, a certificate of appealability will be denied.

IT IS ORDERED:

1. Petitioner Paul Michael Astorga's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1; Cr. Doc. 153) is denied with prejudice.
2. A certificate of appealability is denied.
3. The Court will enter a separate judgment closing the civil habeas case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.